UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

In re:

    Michael J. Merlo,

                            Debtor.

CASE NO.: 22-71690-reg

CHAPTER 7

HON JUDGE: ROBERT E. GROSSMAN

HEARING DATE: September 12, 2022

at 9:30 A.M.

------------------------------------------------------------------X

## NOTICE OF MOTION FOR IN REM RELIEF FROM AUTOMATIC STAY

**PLEASE TAKE NOTICE,** that upon the application of SN Servicing Corporation as servicer for U.S. Bank Trust National Association as Trustee of the Cabana Series IV Trust (together with any successor or assign, "Movant") the undersigned shall move this Court for an Order: (i) pursuant to 11 U.S.C. § 362(d)(4), for in rem relief from the automatic stay with respect to the real property known as 529 Ocean Avenue, Massapequa, NY 11758; (ii) pursuant to 11 U.S.C §§ 362(d)(1)-(2), for relief from the automatic stay for cause, due to the lack of post-petition mortgage payments; (iii) pursuant to F.R.B.P. 4001(a)(3), granting waiver of the 14 day stay; (iv) for reasonable attorney's fees and costs; and (vi) for such other and further relief as is just and proper.

This motion shall be heard remotely from the United States Bankruptcy Court, Eastern District of New York, 290 Federal Plaza, Central Islip, NY 11722, Courtroom No. 860, on September 12, 2022 at 9:30 AM or as soon thereafter as counsel may be heard.

**Effective March 8, 2022, all attorneys and unrepresented parties are required to register for hearing(s) at least two (2) business days in advance of the scheduled hearing by using the Court's eCourt Appearances platform: https://ecf.nyeb.uscourts.gov/cgi-bin/nyebAppearances.pl**. For more information on eCourt Appearances, including a tutorial on how to use the program, please **click here**.

**PLEASE TAKE FURTHER NOTICE**, that answering affidavits, if any, must be served so as to be received not later than seven (7) days before the return date of this motion.

Dated: August 17, 2022
      Garden City, New York

By: _____
Richard Postiglione, Esq.
FRIEDMAN VARTOLO LLP
Attorneys for Movant
1325 Franklin Avenue, Suite 160
Garden City, New York 11530
T: (212) 471-5100
F: (212) 471-5150

TO:

Michael J Merlo
529 Ocean Avenue
Massapequa, NY 11758
*Debtor*

Maria Merlo
529 Ocean Avenue
Massapequa, NY 11758
*Occupant*

Julio Ceasar Galarza
Galarza Law office, P.C.
5020 Sunrise Highway, 2nd Floor
Massapequa Park, NY 11762
*Debtor's Attorney*

Kenneth Kirschenbaum
Kirschenbaum & Kirschenbaum
200 Garden City Plaza
Suite 315
Garden City, NY 11530
***Trustee***

United States Trustee
Long Island Federal Courthouse
560 Federal Plaza - Room 560
Central Islip, NY 11722-4437
***U.S. Trustee***

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X

In re:

    Michael J. Merlo,

                           Debtor.

CASE NO.: 22-71690-reg

CHAPTER 7

HON JUDGE: ROBERT E. GROSSMAN

HEARING DATE: September 12, 2022

at 9:30 A.M.

----------------------------------------------------------------X

## **MOTION FOR RELIEF FROM THE AUTOMATIC STAY REGARDING REAL PROPERTY**

Richard Postiglione, an attorney at law duly admitted to practice before the Courts of the State of New York and the U.S. Bankruptcy Court for the Eastern District of New York, hereby affirms the following to be true under penalty of perjury:

SN Servicing Corporation as servicer for U.S. Bank Trust National Association as Trustee of the Cabana Series IV Trust (together with any successor and/or assign, "Movant") hereby moves this Court for an Order, (i) pursuant to 11 U.S.C. § 362(d)(4), for in rem relief from the automatic stay with respect to the real property known as 529 Ocean Avenue, Massapequa, NY 11758 (Nassau County, Section: 0052; Block: 00212-00; Lots: 00566-569) (the "Property"); (ii) pursuant to 11 U.S.C §§ 362(d)(1)-(2), for relief from the automatic stay for cause, due to the lack of post-petition mortgage payments; (iii) pursuant to F.R.B.P. 4001(a)(3), granting waiver of the 14 day stay; (iv) for reasonable attorney's fees and costs; and (v) for such other and further relief as is just and proper.

In support of this Motion, Movant respectfully states:

## FACTUAL HISTORY

1. Movant is the holder of a Note executed by Michael Joseph Merlo (the "Debtor") and dated June 25, 2003, whereby the Debtor promised to repay $303,000.00 plus interest to America's Wholesale Lender (the "Original Lender"). To secure the repayment of the Note, the Debtor executed a Mortgage in favor of Mortgage Electronic Registration Systems, Inc. as nominee for Original Lender and encumbering the Property, which was recorded on July 29, 2003 in the Nassau County Clerk's Office under Liber M 24600 Pages 241 - 255 (the "Mortgage," Note and Mortgage, collectively, the "Loan"). The Loan was ultimately assigned to Movant by an Assignment of Mortgage. Copies of the Note, Mortgage, and Assignments of Mortgage attached hereto as **Exhibit A**.

2. As the Debtor became delinquent under the terms of the Note and Mortgage, prior to the pendency of the instant bankruptcy case, a foreclosure action was commenced in the Supreme Court of the State of New York, County of Nassau under Index No. 17730/2008 (the "Foreclosure"). Subsequently, a Judgment of Foreclosure and Sale (the "JFS") was entered in the Foreclosure on August 30, 2016. A copy of the entered JFS is annexed hereto as **Exhibit B.**

3. Following the entry of the JFS, Movant scheduled a foreclosure sale for January 17, 2017, whereby the Debtor, and non-filing spouse/occupant, Maria Farella Merlo (the "occupant") filed an emergency order to show cause, which cancelled the first sale.

4. Following various delays, the Movant scheduled a foreclosure sale for January 29, 2019. On January 28, 2019, the "eve of sale", the Occupant filed the first instant bankruptcy case filing under Chapter 7 of the Bankruptcy Code, under Case No. 19-70699-reg, thus staying the foreclosure sale.

5. During the First Case, the occupant failed to appear at the 341 Meeting of Creditors scheduled for March 5, 2019 and March 19, 2019.

6. The Chapter 7 Trustee brought on a Motion to Dismiss the Case on March 25, 2019 (ECF. Doc. No. 9). The Trustee's Motion to Dismiss was heard on May 20, 2019, and granted by Order entered on May 21, 2022 (ECF. Doc. No. 13).

7. Following the dismissal of the First Case, the Movant scheduled another foreclosure sale for December 3, 2019. On December 2, 2019, the occupant filed the second instant bankruptcy case filing, pro se, under Chapter 13 of the Bankruptcy Code, affecting the Loan, Case No. 19-78128-reg (the "Second Case"), thus cancelling the scheduled sale.

8. During the Second Case, occupant failed to file a complete petition and a feasible Chapter 13 Plan. The Final Notice of Section 521 Deficiencies was entered on January 3, 2020, and the Chapter 13 Trustee filed a Motion to Dismiss the Case on January 8, 2020 (ECF. Doc. No. 11).

9. The second case was automatically dismissed pursuant to 11 U.S.C. Section 521(i)(1) on January 17, 2020 (ECF. Doc. No. 2020).

10. Following the dismissal of the Second Case, New York state suspended all foreclosure sales for a period of time, due to the Covid-19 Pandemic.

11. Once the moratorium on the Covid-19 Pandemic was lifted in the Foreclosure, the Movant made an application to the New York State Supreme Court, County of Nassau, Foreclosure Auction Part on February 21, 2022 for Request to file a Notice of Sale and Auction Date.

12. The State Court approved the Movant to proceed with the foreclosure sale and scheduled a Foreclosure sale for July 11, 2022.

13. On the morning of the sale, the Debtor then filed the third overall and instant Chapter 7 bankruptcy case, thus forcing the cancellation of the sale.

14. In the third and instant case, the Debtor states he intends to reaffirm the debt, pursuant to the Debtor's Statement of Intention. The pre-petition arrears on the Loan are approximately $460,381.93 in cumulative pre-petition missed payments, inclusive of fees, costs and charges. The Debtor's Schedule I reflects a combined monthly income with the occupant in the amount of $6,026.00, and the Schedule J reflects combined monthly expenses of $8,568.00, leaving the combined net monthly income of -$2,542.00. As such, the Debtor and spouse cannot reaffirm the debt, let alone make consistent monthly payments to the Movant.

15. There have been a total of three (3) recent bankruptcies filed by the Debtor and the Occupant, and Movant's scheduled foreclosure sales have been repeatedly cancelled due to these last-minute filings. These repeat filings by the same Debtor and Occupant, when coupled with the repeated failures to propose and pay on feasible Chapter 13 plans or to participate in the bankruptcy process in any meaningful way, give rise to the inference that the repeat filings are a scheme to hinder, delay, or defraud Movant in exercising its state law rights. Accordingly, Movant now seeks an Order pursuant to 11 U.S.C. § 362(d)(4), vacating the automatic stay and granting in rem relief from stay with respect to the Property.

16. Copies of the relevant PACER Dockets are annexed hereto as **Exhibit C.**

17. Copies of the Notices of Sale for the aforementioned scheduled foreclosure sales are annexed hereto as **Exhibit D**.

## CREDITOR IS ENTITLED TO IN REM RELIEF PURSUANT TO 11 U.S.C. § 362(d)(4)

18. Pursuant to 11 U.S.C. § 362(d)(4), courts are empowered to grant in rem

relief from a stay affecting a creditor's property, such that any and all future filings by any party with a claimed interest in the property will not operate as an automatic stay for a period of two years. *See, e.g., In re Wilke*, 429 B.R. 916, 922 (Bankr. N.D. Ill. 2010); *In re Blair*, 2009 WL 5203738, *4 (Bankr. E.D.N.Y. 2009); *In re Montalvo*, 416 B.R. 381, 387 (Bankr. E.D.N.Y. 2009).

20. Because the stay attaches to the property, rather than to the filing parties, "in rem relief is a particularly effective method to combat tag-team serial filers who seek to prevent foreclosures." *In re Selinsky*, 365 B.R. 260, 264 (Bankr. S.D.Fla. 2007); *see In re Roeben*, 294 B.R. 840, 846 (Bankr. E.D.Ark. 2003); *In re Graham*, 1998 WL 473051, *2 (Bankr. E.D.Penn. 1998).

21. To obtain in rem relief, a creditor must provide evidence that: (i) a debtor or a group of debtors has made prior bankruptcy filings as part of a scheme; (ii) the object of which was to delay, hinder, or defraud creditors; and (iii) which involves either the transfer of some interest in the real property without the secured creditor's consent or court approval or multiple bankruptcy filings affecting the property. *See In re First Yorkshire Holdings, Inc.*, 470 B.R. 864, 870-71 (7th Cir. BAP 2012). Further, it is well-settled that the mere timing and filing of multiple prior bankruptcy cases by related debtors permits the inference of a scheme to hinder, delay, and defraud a creditor. *See, e.g., Blair*, 2009 WL 5203738 at *4, *citing Montalvo*, 416 B.R. at 38

22. Analyzing a very similar set of circumstances, the Court in *Blair* (*id*. at *4-5) granted in rem relief and found that:

> *Here, Debtors have neither filed nor confirmed a chapter 13 plan. None of their chapter 13 cases were prosecuted to any meaningful extent. The timing and sequence of the filings is also significant. Each was filed on the eve of or shortly before significant events affecting the Property. The uncontroverted record of the filings and lack of any good faith prosecution of each of Debtors' prior cases allows this Court to draw a permissible inference and find that the instant petitions were part of a scheme of Debtor to hinder, delay, and defraud [creditor] BAC.*

> *Therefore, this Court will enter an Order such that any future bankruptcy filings by either of the Debtors, or any other person having an interest in the Property, will not operate as a stay of any action against the Property for a period of two years after the date of the entry of the orders hereon.*

23. The frequent and last-minute filings demonstrate a clear pattern of delay -designed to frustrate resolution of the underlying Foreclosure. The instant petition appears to be nothing more than a stall tactic to delay, hinder, and frustrate Movant in exercising its foreclosure rights.

24. Accordingly, Movant is irrefutably entitled to in rem relief from any further bankruptcy filings with respect to the Property for a period of at least two years pursuant to 11 U.S.C. § 362(d)(4)(B).

25. Additionally, the account remains contractually due on the Loan for the April 1, 2008 payment, and for each subsequent payment thereafter. Therefore, relief from stay is also warranted for cause pursuant to 11 U.S.C. § 362(d)(1). A copy of the E.D.N.Y. worksheet (the "Affidavit") is attached as **Exhibit E**.

26. Relief pursuant to 11 U.S.C. § 362(d)(2) is also appropriate due to the lack of equity in the Property. According to the Affidavit, the payoff on the Loan is approximately $656,461.97. According to the Debtor's Schedule A/B**,** the approximate value of the Property is $600,000.00. Thus, there is no equity in the Property, as all the equity has been eroded by the prior loan modifications and ongoing payment defaults. As such, relief pursuant to 11 U.S.C. § 362(d)(2) is warranted.

27. Accordingly, grounds exist to vacate the stay in Debtor's case and Movant therefore requests that the automatic stay imposed under 11 U.S.C. §§ 362(a) be modified and

terminated for cause in accordance with 11 U.S.C. §§ 362(d) to permit Movant to pursue its rights under the Mortgage and applicable law, including, without limitation, the commencement and consummation of a foreclosure action and/or eviction proceeding.

28. Movant respectfully requests reasonable attorney fees in the amount of $1,050.00 and costs in the amount of $188.00 for the preparation and filing of the instant Motion.

### MOVANT IS ENTITLED TO A WAIVER OF THE STAY PROVISION OF FED. R. BANKR. PR. 4001(a)(3)

29. Fed. R. Bank. Pr. 4001(a)(3) provides that "any order granting movant relief from an automatic stay . . . is stayed until the expiration of 14 days after the entry of the order unless the court orders otherwise."

30. In light of the history of filings and the negative impact on Movant's lawful right to sell the Mortgaged Premises pursuant to the JFS (*see* Exhibit B), no legitimate purpose could be served by staying the requested relief any longer. The debtor clearly has no intention of participating in the bankruptcy process and therefore should not reap its benefits. Therefore, Movant is entitled to a waiver of the stay provision of Fed. R. Bankr. Pr. 4001(a)(3).

**WHEREFORE**, it is respectfully submitted that this Court should grant Movant's Motion for Relief in all respects, along with such other and further relief as is deemed to be just, proper, and equitable.

Dated: August 17, 2022
      Garden City, New York

By: _____
Richard Postiglione, Esq.
FRIEDMAN VARTOLO LLP
Attorneys for Movant
1325 Franklin Avenue, Suite 160
Garden City, New York 11530
T: (212) 471-5100
F: (212) 471-5150