# EXHIBIT B

**Nassau County**
**Maureen OConnell**
**County Clerk**
**Mineola, NY 11501**


61 2016 00219923

Ref ID#: IN 08--017730

Instrument Number: 2016- 00219923
As
**J60 - JUDGMENT FORECLOSURE & SALE**

Recorded On: September 28, 2016
Parties: NATIONSTAR MORTGAGE LLC
   TO  MERLO MICHAEL JOSEPH (AKA)
Recorded By: FRENKEL

Num Of Pages: 19
Comment:

**\*\* Examined and Charged as Follows: \*\***

J60 - JUDGMENT FORECLOSURE    0.00
   Recording Charge:    0.00

---

**\*\* THIS PAGE IS PART OF THE INSTRUMENT \*\***

I hereby certify that the within and foregoing was recorded in the Clerk's Office For: Nassau County, NY

**File Information:**
   Document Number: 2016- 00219923
   Receipt Number: 406083
   Recorded Date/Time: September 28, 2016 11:17:22A
   Book-Vol/Pg: Bk-J Vl-4049 Pg-188
   Cashier / Station: 0 DAL / NCCL-JCRVBP2

**Record and Return To:**



County Clerk Maureen O'Connell

At an IAS Part FP of the Supreme Court of the County of Nassau thereof at Nassau County Supreme Court, 100 Supreme Court Drive, Mineola, NY 11501, on the ___ day of ___ _____, 201_ AUG 3 0 2016

PRESENT:

HON: Thomas A. Adams, J.S.C.

-----------------------------------------------------------------X
Countrywide Home Loans, Inc. for the Benefit of
Amalgamated Bank,

                        Plaintiff,

-against-

Michael Joseph Merlo a/k/a Michael J. Merlo, America's
Wholesale Lender, Maria Merlo,

                        Defendants.
-----------------------------------------------------------------X

**Index #:** 17730/2008

**JUDGMENT OF FORECLOSURE AND SALE**

Foreclosure of:
529 Ocean Avenue,
Massapequa, NY 11758
Section: 52
Block: 212
Lot: 566-569

Mot #1
Amend Caption

JSC

    **Plaintiff**, Countrywide Home Loans, Inc. for the Benefit of Amalgamated Bank, having moved this court for an Order confirming the report of the referee and for a Judgment of Foreclosure and Sale and the said Motion having regularly come on to be heard on ___ this day _____ and no appearance having been required or made by the attorneys for the parties herein and upon submission and due deliberation having been had thereon.

    **NOW** upon reading and filing the Summons, Complaint and Notice of Pendency duly filed in the Nassau County Clerk's Office on September 25, 2008, the second Notice of Pendency

filed August 25, 2011, and third Notice of Pendency filed July 28, 2014, the Affirmation of Stephen Wallace, Esq. dated April 1, 2015, the Order of Reference dated September 23, 2009, ~August 31, 2009 and~ and upon all of the prior papers and proceedings had herein, from which it appears that this is an action to foreclose a mortgage on real property situated at 529 Ocean Avenue, Massapequa, NY 11758, County of Nassau, and that all of the defendants herein were duly served with the Summons and Complaint in this action or voluntarily appeared herein, and that the time of all defendants to answer, appear or move with respect to the Complaint has expired and that none of the defendants answered, appeared or moved with respect to the Complaint; and that none of the defendants are infants, incompetents or absentees;

AND upon reading and filing the report of John Dietz, Esq., dated January 16, 2015, from which report it appears that the sum of **$398,629.72** was due to the plaintiff as of October 28, 2014, plus interest and other expenses incurred thereafter, and that the mortgaged premises should be sold in one parcel;

**NOW,** on motion of Frenkel, Lambert, Weiss, Weisman & Gordon, LLP, attorneys for the plaintiff, it is

**ORDERED,** that the motion is hereby granted; and it is further

**ORDERED, ADJUDGED AND DECREED** that the plaintiff in this action is amended to read: **Nationstar Mortgage LLC** and that the caption of this action be amended accordingly; and it is further

**ORDERED, ADJUDGED AND DECREED**, that the report of John Dietz, Esq., be, and the same hereby is, in all respects, ratified and confirmed; and it is further

**ORDERED, ADJUDGED AND DECREED**, that the plaintiff is hereby awarded Judgment herein for the sum of **$398,629.72** together with advances from the date specified in

said report, together with interest computed at the contract rate, set forth in the note and mortgage, from the date computed to in the referee's report to the date of entry of the Judgment, then legal interest from the date of entry of the Judgment to the date of transfer of the referee's deed, plus the sum of $ 1748.00 cc as taxed by the Clerk of the Court and hereby adjudged to the plaintiff for costs and disbursements of this action; with interest thereon at the legal rate from the date of entry of the Judgment, together with an additional allowance of $ 300.00 hereby awarded to plaintiff in addition to costs and disbursements; and it is further

**ORDERED, ADJUDGED AND DECREED**, that plaintiff is hereby awarded attorneys' fees in the amount of $ 2500 -; and it is further

**ORDERED, ADJUDGED AND DECREED**, that the premises affected by said mortgage set forth in the complaint herein and hereinafter set forth, be sold in one parcel at public auction, as provided by law, <u>on a Tuesday at 11:30 a.m. in the Calendar Control Part (CCP) Courtroom of the Supreme Court, 100 Supreme Court Drive, Mineola, New York 11501</u> by and under the direction of John Dietz, Esq., Fiduciary Number 265384 who is hereby appointed referee for that purpose; that the said referee give public notice of the time and place of such sale according to law and the rules and practices of this Court, by publishing the notice of sale in the Massapequa Post, 85 Broadway Amityville, N.Y.         ; and it is further

**ORDERED, ADJUDGED AND DECREED**, that the Referee at the time of sale may accept a written bid from the plaintiff's attorneys, just as though the Plaintiff were physically present to submit said bid; and it is further

**ORDERED, ADJUDGED, AND DECREED**, that the plaintiff or any other party that

may become the purchaser or purchasers at such sale shall pay all transfer taxes and recording expenses, and that in the event a party, other than the plaintiff, becomes the purchaser or purchasers at such sale, the closing of title shall be had thirty days after such sale unless otherwise stipulated by all parties to the sale, including plaintiff and that failure of the purchaser(s) to close within thirty days may result in the forfeiture of any deposit tendered by purchaser(s), in lieu of a closing, that any purchaser, other than plaintiff, shall pay interest of the purchase price from the date of sale to the date of delivery of the deed and all payments for taxes, assessments, water and sewer charges, which are, or may become liens on the premises at the time of sale, shall be adjusted for at closing accordingly based on the fiscal period for which they are assessed; that in case the plaintiff shall become the purchaser at the said sale, it shall not be required to make any deposit thereon; that plaintiff reserves the right to postpone the sale and re-advertise the sale in accordance with RPAPL §231 (3); that said referee execute to the purchaser or purchasers on such sale a deed to the premises sold at which time the referee shall forthwith pay the taxes, assessments, water and sewer charges which are or may become liens on the premises at the time of sale with such interest or penalties which may have lawfully accrued thereon to the date of payment, or said referee may allow the same to the purchaser at the time of delivery of deed upon production to said referee of proper vouchers showing the payment thereof and redeem the property sold from any sales for unpaid taxes, assessments or water rates, which have not apparently become absolute, and that the referee then deposit the balance of said proceeds of sale in this own name as referee in Signature Bank 1225 Franklin Avenue Garden City, NY 11530 (516) 408-5033 and shall thereafter make the following payments and his checks drawn for that purpose shall be paid by the said depository:

FIRST: The sum of $ 2,750 - as the referee's fee for conducting the sale, pursuant to

CPLR §8003(b);

**SECOND**: The expenses of the sale including posting and advertising as shown on bills presented to and certified by the Referee to be correct, duplicate copies of which shall be annexed to the report of sale when filed;

**THIRD**: the sum of **$398,629.72**, the amount reported due to the plaintiff as of October 28, 2014 set in the note and mortgage from the date computed to in the report until together with interest at the legal rate ~~from~~ the date of entry of this Judgment then with interest at the legal rate until the date of transfer of the referee plus all other expenses necessarily paid by the plaintiff, to preserve the premises, not previously included in any computations, together with interest thereon at the rate specified in the note and mortgage from the date of the expense ~~specified in the referee's report~~ up to and including the date of entry of this judgment then with interest at the legal rate thereafter until the date of transfer of the Referee's Deed; together with the sum of $1748.00 *cc* adjudged to the plaintiff for its costs and disbursements in this action as taxed by the Clerk of the Court with interest at the legal rate thereon from the date of entry hereof; together with an additional allowance of $300.00 hereby awarded to the plaintiff in addition to the costs;

**FOURTH**: to the law firm of Frenkel, Lambert, Weiss, Weisman & Gordon, LLP, the sum of $2500 - awarded herein as reasonable attorneys' fees, with legal interest thereon from the date of entry of the judgment;

**FIFTH**: that any surplus monies be deposited with the Nassau County Treasurer within five (5) days after received and ascertainable to the credit of this action to be withdrawn only on the written order of this Court signed by a Justice herein; and it is further

**ORDERED, ADJUDGED AND DECREED**, that the referee shall pay to plaintiff a sum equal to the aggregate of all other amounts which the plaintiff has paid or may hereafter be

required to pay to protect the mortgage or preserve the premises in accordance with the provisions of the mortgage, and the same so paid shall be added to the sum otherwise due to the plaintiff pursuant to the plaintiff's claims herein and be deemed secured by said note and mortgage as therein provided and adjudged a valid lien on the premises; and it is further

**ORDERED, ADJUDGED AND DECREED**, that in case the plaintiff be the purchaser of said mortgaged premises at said sale or, in the event that the rights of the purchaser at said sale and the terms of sale under this judgment shall be assigned to and be acquired by the plaintiff, and a valid assignment thereof filed with said referee, the plaintiff shall not be required to pay in cash the entire Amount bid at said sale, but shall execute and deliver to the plaintiff a deed of the premises sold at which time the referee shall forthwith pay thereon, in accordance with their priority according to law, the taxes, assessments or water rates which are or may become liens on the premises at the time of sale, with such interest or penalties which may have lawfully accrued thereon, to the date of payment deposit or in lieu of the payment of said last mentioned amounts, upon the filing with said referee receipts of the proper municipal authorities showing the payment thereof; that the balance of the Amount bid, after deducting the aforesaid amounts, shall be allowed to the plaintiff; that if after so applying the balance of the Amount bid, there shall be a surplus over and above said amounts due to the plaintiff, the plaintiff shall pay to said referee, upon delivery of said referee's deed, the amount of such surplus which shall be deposited by said referee with Nassau County Treasurer within five days after received and ascertainable to the credit of this action to be withdrawn only on the written order of this Court signed by a Justice herein; and it is further

**ORDERED, ADJUDGED AND DECREED**, that the referee make a report of such sale under oath showing the disposition of the proceeds of the sale accompanied by the vouchers of

the persons to whom the payments were made and file it with the Clerk of the County of Nassau within thirty days after completing the sale and executing the proper conveyance to the purchaser and that if the proceeds of such sale be insufficient to pay the amount reported due the plaintiff with interest and costs as aforesaid, the referee shall specify the amount of such deficiency in the report of sale and that the plaintiff may recover of the defendant, Michael Joseph Merlo, the whole deficiency or so much thereof as the Court may determine to be just and equitable of the mortgage debt remaining unsatisfied after the sale of the mortgaged premises and the application of the proceeds thereof, provided a motion for a deficiency Judgment shall be made in accordance with Section 1371 of the Real Property Actions and Proceeding Law within the time limit prescribed therein, and the amount thereof is determined by and an Order is made, fixing an award to plaintiff by this Court; and it is further

**ORDERED, ADJUDGED AND DECREED**, that the purchaser or purchasers at such sale be let into possession on production of the referee's Deed; and it is further

**ORDERED, ADJUDGED AND DECREED**, that excluding the United States of America who may retain a right of redemption up to 120 days after the foreclosure auction, each and all of the defendants in this action and all persons claiming under them or any or either of them, after the filing of such Notice of Pendency of this action, be and are hereby forever barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in the said mortgaged premises and each and every part thereof; and it is further

**ORDERED, ADJUDGED AND DECREED**, that the liens of the plaintiff other than the Mortgage or mortgages that are the subject matter of this action also be foreclosed herein as though the plaintiff was named as a party defendant, specifically reserving to the plaintiff its right to share in any surplus monies as a result of such position as a lien creditor; and it is further

**ORDERED, ADJUDGED AND DECREED,** that said premises be sold in one parcel in "as is" physical condition, subject to any covenants, easements, encroachments, reservations and restrictions, violations and agreements of record, zoning regulations and ordinances of the city, town, or village wherein the premises are located, any state of facts an accurate survey would show, any state of facts a physical inspection will disclose, rights of tenants and other persons in possession of the mortgaged premises, prior judgments, liens and mortgages of record, any and all rights of the United States of America to redeem the subject premises, the Terms of Sale and purchaser assumes all risk of loss or damage to the premises from the date of the foreclosure sale until the date of closing and thereafter; and it is further

**ORDERED, ADJUDGED AND DECREED,** that by accepting this appointment, the Referee certifies that she/he is in compliance with Part 36 of the Rules of the Chief Judge (22 NYCRR Part 36) including, but not limited to Section 36.2 (c) ("Disqualification from Appointment") and Section 36.2 (d) (Limitations on Appointments Based on Compensation"); and it is further

**ORDERED,** that the Referee must submit the Notice of Sale to the Motion Support Office, in the Supreme Court, Room 152, at least 10 days prior to the date of of the auction; and it is further

**ORDERED,** that pursuant to CPLR 8003(b), absent application to the court, further court order, and compliance with Part 36 of the Rule of the Chief Judge, the Referee shall not demand, accept or receive more than the amount of $ 250.00 otherwise payable to the Referee for the foreclosure sale stage, regardless of adjournment, delay or stay of the sale; and it is further

**ORDERED,** that the referee appointed to sell herein be served with a signed copy of this judgment of foreclosure and sale with notice of entry.

**ORDERED**, that no sale of the premises will be scheduled, and the Court will not place the above captioned matter on the calendar for auction, nor will the court accept a Notice of Sale, unless and until an "Affidavit in Support of Residential Mortgage Foreclosure" is submitted by the plaintiff stating that all Federal, State and Local Statutes, Laws, Rules and Regulations, Mandates and Executive Orders with respect to Mortgage Foreclosure, Foreclosure Prevention and Home Retention as well as all conditions precedent to the commencement of an action to foreclose a residential mortgage have been complied with in the instant action

That a description of the said mortgaged premises hereinbefore mentioned, is annexed hereto as Schedule A-Legal Description.

ENTER:

Hon. *Thomas A. Adams,*
J.S.C.

_____
Stephen Wallace

01-029385-F00

**ENTERED**

SEP 28 2016

NASSAU COUNTY
COUNTY CLERK'S OFFICE

Generated by PDFKit.NET Evaluation



# SCHEDULE "A"

**Address:**
529 OCEAN AVENUE
MASSAPEQUA, NY 11758

"ALL THAT CERTAIN PLOT, PIECE OR PARCEL OF LAND, WITH THE BUILDINGS AND IMPROVEMENTS THEREON ERECTED, SITUATE, LYING AD BEING AT MASSAPEQUA, IN THE TOWN OF OYSTER BAY, COUNTY OF NASSAU AND STATE OF NEW YORK, KNOWN AND DESIGNATED AS AND BY THE LOTS NUMBERS 566, 567, 568, AND 569 IN BLOCK NUMBER 15 ON A CERTAIN MAP ENTITLED, "MAP OF PROPERTY OF QUEENS LAND & TITLE CO., SECTION I AT MASSAPEQUA, L.L. SURVEYED 1907, BY ALVIN G. SMITH, C.E., FREEPORT L.I." AND FILED IN THE OFFICE OF THE CLERK OF THE COUNTY OF NASSAU ON SEPTEMBER 3, 1907 AS MAP NUMBER 50, CASE NUMBER 370, WHICH SAID LOTS WHEN TAKEN TOGETHER ARE MORE PARTICULARLY BOUNDED AND DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE WESTERLY SIDE OF OCEAN AVENUE, DISTANT 68.37 FEET NORTHERLY FROM THE CORNER FORMED BY THE WESTERLY SIDE OF OCEAN AVENUE AND THE NORTHERLY SIDE OF PENNSYLVANIA AVENUE;

RUNNING THENCE NORTH 86 DEGREES 27 MINUTES WEST 128.72 FEET;

THENCE NORTH 30 DEGREES 35 MINUTES EAST 89.82 FEET;

THENCE SOUTH 86 DEGREES 27 MINUTES EAST 131.56 FEET TO THE WESTERLY SIDE OF OCEAN AVENUE;

Click here to unlock PDFKit.NET

Generated by PDFKit.NET Evaluation



2270 Lakeside Blvd.
MS: RLS-2-174
Richardson, TX 75082

## SCHEDULE "A" (Continued)

THENCE ALONG THE WESTERLY SIDE OF OCEAN AVENUE SOUTH 32 DEGREES 11 MINUTES WEST 91.16 FEET TO THE POINT OR PLACE OF BEGINNING."

Click here to unlock PDFKit.NET

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-----------------------------------------------------------------X   Index No.: I7730/2008
Countrywide Home Loans, Inc. for the Benefit of
Amalgamated Bank,

                                 Plaintiff,      **COSTS OF PLAINTIFF**

       -against-

Michael Joseph Merlo a/k/a Michael J. Merlo, America's  STS_____ ADJUSTED AT $1748.00
Wholesale Lender, Maria Merlo,                    THIS 28 DAY OF Sept 2016
                                                             Maureen O'Connell
                                 Defendants.                                     **CLERK, NASSAU CO**
-----------------------------------------------------------------X

**COSTS OF PLAINTIFF:**

Costs before note of issue
    CPLR Sec. 8201 (1)................................................................................... $200.00
Costs after note of issue
    CPLR Sec. 8201 (2)...................................................................................  -0-
Trial of issue
    CPLR Sec. 8201 (3)...................................................................................  -0-
Allowance by statute
    CPLR Sec. 8302 (a) (b).............................................................................. $150.00

    Percentage on
    $200.00 at 10%
        (not exceeding $200.00).......................  ~~$ 20.00~~

    additional $800.00 at 5%
        (not exceeding $800.00).......................  ~~$ 40.00~~

    additional $2,000.00 at 2%
        (not exceeding $2,000.00)...................  ~~$ 40.00~~

    additional $5,000.00 at 1%
        (not exceeding $5,000.00)...................  $50.00

Additional allowance
    CPLR Sec. 8302 (d).................................................................................. ~~$50.00~~

Motion costs
    CPLR Sec. 8202........................................................................................  -0-
Discretionary Allowance
    CPLR Sec. 8303 (a) (1).............................................................................$

                                                         COSTS:     $400.00

**DISBURSEMENTS:**

| | |
|---|---|
| Fee for index number CPLR Sec. 8018(a)................................................................................ | $210.00 |
| Fee for Request for Judicial Intervention.............................................................................. | $95.00 |
| Referee's fees CPLR Sec. 8301(a)1, 8003(a)........................................................................ | $500.00 |
| Commissioner's compensation CPLR Sec. 8301(a)2................................................................ | |
| Clerk's fee, filing notice of pend. or attach. | |
|     CPLR Sec. 8018(e), 8021(a)10.............................................................. | $368.00 |
| Clerk's fee cancel. notice of pend. | |
| Clerk's fee, filing notice of motion | |
|     CPLR Sec. 8022(B) ................................................................... | $ 90.00 |
| Clerk's fee cancel. notice of pend. | |
|     CPLR Sec. 8021(a)12.............................................................................. | |
| Entering and docketing judgment | |
|     CPLR Sec. 8301(a)7, 8016(a)2................................................................ | |
| Paid for searches CPLR Sec. 8301(a)10................................................................................ | |
| Affidavits & acknowledgments CPLR Sec. 8009.................................................................... | |
| Serving copy Summons & Complaint | |
|     CPLR Sec. 8011(c) 1 CPLR Sec. 8301(d)............................................................. | ~~$500.00~~ 85.00 |
| Note of issue CPLR Sec. 8020(a)........................................................................................... | |
| Paid Referee's report CPLR Sec. 8301(a)12.......................................................................... | |
| Certified copies of papers CPLR Sec. 8301(a)4..................................................................... | |
| Satisfaction piece CPLR Sec. 5020(A), 8021........................................................................ | |
| Transcripts and filing CPLR Sec. 8021................................................................................... | |
| Certified copy of judgment CPLR Sec. 8021.......................................................................... | |
| Postage CPLR Sec. 8301(a)12.............................................................................................. | |
| Jury fee CPLR Sec. 8020(c)1.................................................................................................. | |
| Stenographer's fees CPLR Sec. 8002, 8301............................................................................ | |
| Sheriff's fees on execution | |
|     CPLR Sec. 8011(b), 8012.................................................................................... | |
| Sheriff's fees, attachment, arrest, etc. | |
|     CPLR Sec. 8011(a) (c)2, 3(g)................................................................................ | |
| Paid printing cases CPLR Sec. 8301(a)6................................................................................ | |
| Clerk's fees Court of Appeals | |
|     CPLR Sec. 8301(a)12........................................................................................... | |
| Copies of papers CPLR Sec. 8301(a)12................................................................................. | |
| Motion expenses CPLR Sec. 8301(b)..................................................................................... | |
| Fees for publication CPLR Sec. 8301(a)3.............................................................................. | |
| Serving subpoena CPLR Sec. 8011(c)1, 8301(d).................................................................... | |
| Paid for Register's Search CPLR Sec. 8301(a)10................................................................... | |
| Paid for County Clerk's Search............................................................................................... | |
| Paid for Loan Commissioner's Search.................................................................................... | |
| Paid for U.S. District Court Search........................................................................................ | |
| Paid for U.S. Circuit Court Search......................................................................................... | |
| Paid for Tax Search................................................................................................................ | |

*A copy of the service of process invoices is annexed hereto

|  |  |  |
|---|---|---|
| DISBURSEMENTS: | ~~$1,763.00~~ | 1348.00 |
| TOTAL COSTS AND DISBURSEMENTS: | ~~$2,163.00~~ | 1748.00 |

Dated: Bay Shore, New York  
April 1, 2015

Frenkel, Lambert, Weiss, Weisman & Gordon, LLP

_____  
Nicole P. Femminella, Esq.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-------------------------------------------------------------------X    **Index No.: 17730/2008**
Countrywide Home Loans, Inc. for the Benefit of
Amalgamated Bank,

                                                    Plaintiff,     **ATTORNEY'S AFFIRMATION**

-against-

Michael Joseph Merlo a/k/a Michael J. Merlo, America's
Wholesale Lender, Maria Merlo,

                                                Defendants.
-------------------------------------------------------------------X

       Nicole P. Femminella, Esq., an attorney duly admitted to practice law before the Courts of the State of New York, hereby affirms that:

       1.     I am an attorney with the firm of Frenkel, Lambert, Weiss, Weisman & Gordon, LLP, the attorneys of record for the plaintiff in this action. The foregoing disbursements have been or will be necessarily made or incurred in this action and are reasonable in Amount and the copies of the documents or papers as charged herein were actually and necessarily obtained for use.

       2.     I affirm that the foregoing statements are true under penalties of perjury.

Dated: Bay Shore, New York
       April 1, 2015

                                                        Nicole P. Femminella, Esq.

10/07/2008

# PROVEST

4520 SEEDLING CIRCLE
TAMPA, FL 33614-2400

Phone: 813-877-2844 Email: accounts_receivable@provest.us

## INVOICE

**INVOICE NUMBER:** ▓▓▓▓▓

| CUSTOMER | BILLING INFORMATION | |
|---|---|---|
| ESCHEN, FRENKEL, WEISMAN & GORDON LLP<br>20 WEST MAIN STREET<br><br>BAY SHORE, NY 11706<br>NONE | FILE NUMBER:<br>MAIN DEFENDANT:<br><br>PLAINTIFF:<br><br>COUNTY: | 29385<br>MICHAEL JOSEPH MERLO A/K/A MICHAEL J. MERLO<br>COUNTRYWIDE HOME LOANS, INC. FOR THE BENEFIT OF AMALGAMATED BANK<br>NASSAU |

| STATUS DATE | DESCRIPTION | TAX | CHARGE | TOTAL |
|---|---|---|---|---|
| **MICHAEL JOSEPH MERLO A/K/A MICHAEL J. MERLO** | | | | |
| 09/25/2008 | CWDUEDIL/MICHAEL JOSEPH MERLO A/K/A MICHAEL J. MERLO | $0.00 | $35.00 | $35.00 |
| 09/25/2008 | PENDING | $0.00 | $0.00 | $0.00 |
| 09/25/2008 | MOTOR VEHICLE SEARCH | $0.00 | $50.00 | $50.00 |
| 09/25/2008 | CONFIRMING INFO RECEIVED | $0.00 | $0.00 | $0.00 |
| 09/25/2008 | POSTAL REQUESTED | $0.00 | $0.00 | $0.00 |
| 09/26/2008 | ATTEMPTING SERVICE - 1st Address | $0.00 | $55.00 | $55.00 |
| | 529 OCEAN AVENUE, MASSAPEQUA NY 11758 | | | |
| 09/27/2008 | SERVICE COMPLETE | $0.00 | $0.00 | $0.00 |
| 09/30/2008 | AFFIDAVIT SENT FOR FILING | $0.00 | $0.00 | $0.00 |
| 10/01/2008 | FILE STAMPED AFFIDAVIT | $0.00 | $0.00 | $0.00 |
| 10/01/2008 | POSTAL RECEIVED | $0.00 | $0.00 | $0.00 |
| 10/02/2008 | FINALIZED | $0.00 | $0.00 | $0.00 |
| **AMERICA'S WHOLESALE LENDER** | | | | |
| 09/25/2008 | PENDING | $0.00 | $0.00 | $0.00 |
| 09/26/2008 | ATTEMPTING SERVICE OUT-OF STATE - 1st Address | $0.00 | $125.00 | $125.00 |
| | 5220 LAS VIRGENES ROAD, CALABASAS CA 91302 | | | |
| 10/02/2008 | SERVICE COMPLETE | $0.00 | $0.00 | $0.00 |
| 10/02/2008 | SERVED AWAIT RETURN | $0.00 | $0.00 | $0.00 |
| 10/06/2008 | AFFIDAVIT SENT FOR FILING | $0.00 | $0.00 | $0.00 |
| 10/07/2008 | FILE STAMPED AFFIDAVIT | $0.00 | $0.00 | $0.00 |
| 10/07/2008 | FINALIZED | $0.00 | $0.00 | $0.00 |
| **MARIA MERLO AS JOHN DOE # 1** | | | | |
| 09/27/2008 | ATTEMPTING SERVICE - 1st Address | $0.00 | $55.00 | $55.00 |
| | 529 OCEAN AVENUE, MASSAPEQUA NY 11758 | | | |
| 09/27/2008 | SUITABLE SERVICE | $0.00 | $0.00 | $0.00 |
| 09/30/2008 | AFFIDAVIT SENT FOR FILING | $0.00 | $0.00 | $0.00 |
| 10/01/2008 | FILE STAMPED AFFIDAVIT | $0.00 | $0.00 | $0.00 |
| 10/02/2008 | FINALIZED | $0.00 | $0.00 | $0.00 |
| **NO ADDITIONAL DOES** | | | | |
| 09/27/2008 | ATTEMPTING SERVICE - 1st Address | $0.00 | $55.00 | $55.00 |
| | 529 OCEAN AVENUE, MASSAPEQUA NY 11758 | | | |
| 09/29/2008 | FINALIZED | $0.00 | $0.00 | $0.00 |

| MISCELLANEOUS CHARGES | | | | |
|---|---|---|---|---|
| PURCHASE INDEX NUMBER | $50.00 | | SUBTOTAL: | $375.00 |
| RUSH FEE | $25.00 | | TOTAL EXTRA CHARGES: | $125.00 |
| | | | PREPAID: | $0.00 |

# INVOICE                                    INVOICE NUMBER: ▮▮▮▮

| | | | |
|---|---|---|---|
| FILING AFFIDAVITS | $50.00 | TOTAL: | $500.00 |
| TOTAL MISC. CHARGES: | $125.00 | | |

**PLEASE REMIT PAYMENT TO:**
**PROVEST LLC**
**4520 SEEDLING CIR**
**TAMPA FL 33614**

Index # 17730/2008

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

================================================================

Countrywide Home Loans, Inc. for the Benefit of Amalgamated Bank,

                                      Plaintiff,

       - against -

Michael Joseph Merlo a/k/a Michael J. Merlo, America's Wholesale Lender, Maria Merlo,

                                      Defendants.

================================================================

**JUDGMENT OF FORECLOSURE AND SALE**

================================================================

Frenkel, Lambert, Weiss, Weisman & Gordon, LLP
Attorneys for Plaintiff
53 Gibson Street
Bay Shore, New York 11706
(631) 969-3100
Fax (631) 969-3101
Our File No.: 01-029385-F00

================================================================

To:

Attorney(s) for

================================================================

Service of a copy of the within

                                    is hereby admitted.

Dated,

                    _____

Attorney(s) for

================================================================

9-6-16